IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OVERDRIVE TRANSPORTATION, INC., | ) ) ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) CASE NO. 3:06-0096 ) JUDGE TRAUGER/KNOWLES ) |
| MARGARET "MICHELLE" WHIDBY and JORDAN D. WHIDBY, IV, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Judge Trauger's referral for the computation of damages (Docket No. 21) following the granting of Plaintiff's "Motion for Default Judgment" (Docket No. 13), and Judge Trauger's referral (Docket No. 26) of Plaintiff's "Motion for Attorney Fees and Costs" (Docket No. 22).

The undersigned held a hearing on September 22, 2006, to determine damages upon entry of default judgment against the Defendants. Due notice of said hearing was sent to the Defendants, Margaret "Michelle" Whidby ("Michelle Whidby"), and Jordan D. Whidby, IV ("Jordan Whidby"). Neither Defendant appeared at the hearing.

Upon the proof introduced at the hearing by the Plaintiff, Overdrive Transportation, Inc. ("Overdrive"), the affidavits filed in support of Overdrive's motion for default judgment and motion for attorney fees and costs, and the entire record in this action, the undersigned now makes the following recommendation.

**Plaintiff's Damages**

1. The unrebutted evidence establishes that in 2003, 2004, and 2005, the Defendant, Michelle Whidby, as a bookkeeper and fiduciary of Overdrive, and Jordan Whidby, her associate in fact, engaged in a pattern and practice by which they embezzled and converted funds from Overdrive in the total amount of $103,215.96.

2. The unrebutted evidence establishes that in 2003 the Defendants embezzled and converted funds in the amount of $3,650.00 from Overdrive by a forged check in an interstate transfer.

3. The unrebutted evidence establishes that in 2004 the Defendants embezzled and converted funds in the amount of $56,865.86 from Overdrive by unauthorized wire transfers and a forged check. All such wire transfers and the negotiation of the forged check in 2004 involved interstate transfers.

4. The unrebutted evidence establishes that in 2005 the Defendants embezzled and converted funds in the amount of $41,475.03 from Overdrive by unauthorized wire transfers. In addition, the Defendants embezzled and converted funds in the amount of $1,225.07 by unauthorized use of a company credit card. All such wire transfers in 2005 and the unpermitted use of the company credit card involved interstate transfers.

**Trebling of Damages and Award of Attorney Fees and Costs Under 18 U.S.C. § 1964(c) for Violation of §§ 1962(c) and 1962(d)**

5. The unrebutted evidence establishes that the Defendants violated 18 U.S.C. § 1962(c). The proof establishes that the Defendants associated in fact to form a criminal enterprise for the purpose of misappropriating moneys from Overdrive and to convert the misappropriated moneys to pay the Defendants' joint debts, obligations, and expenses; the Defendants conducted and/or participated in the conduct of said enterprise's affairs through a repeated and continuous pattern of

racketeering activity over a lengthy period of time; the enterprise affected interstate commerce by committing all such misappropriations by interstate transaction in violation of one or more of the following statutes of the United States:

    a. interstate fraudulent use of credit card, in violation of 15 U.S.C. § 1644;

    b. interstate fraudulent use of debit instrument, in violation of 15 U.S.C. § 1693n(b);

    c. interstate wire fraud, in violation of 18 U.S.C. § 1343;

    d. interstate bank fraud, in violation of 18 U.S.C. § 1344;

    e. interstate transmission and transfer of money of the value of $5,000 or more knowing the same to have been stolen, converted, or taken by fraud, in violation of 18 U.S.C. § 2314.

The proof further establishes that Overdrive and its business were damaged by a loss of $103,215.96 as a proximate result of the Defendants' racketeering activity.

    6. The unrebutted evidence further establishes that the Defendants violated 18 U.S.C. § 1962(d). The proof establishes that the Defendants conspired and/or agreed to participate in the conduct of the enterprise through a pattern of repeated and continuous racketeering activities over a lengthy period of time, and that Overdrive and its business were damaged by a loss of $103,215.96 as a proximate result of the overt acts which the Defendants committed in furtherance of the conspiracy.

    7. As Overdrive has been injured in its business and property by reason of the Defendants' violation of 18 U.S.C. § 1962(c) and § 1962(d), it is appropriate under 18 U.S.C. § 1964(c) for Overdrive to recover threefold its damages and the cost of the suit, including reasonable attorneys' fees. Section 1964(c) provides in pertinent part as follows:

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .

The term "person" is not restricted to individuals, but includes "any . . . entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

8. Under 18 U.S.C. § 1964(c), the trebling of the $103,215.96 amount for damages equates to $309,647.88.

9. Of said $309,647.88 amount, the Defendants are entitled to a setoff of $45,000.00. On or about July 12, 2006, after entry of default, the Defendants paid to Overdrive an amount of $45,000.00 in consideration of a release of a notice of lien lis pendens. At the outset of this lawsuit, Overdrive recorded the notice on the title of Defendants' jointly owned residential real estate in Franklin, Tennessee. The real estate was part of the subject of this lawsuit. The Defendants wanted to sell it. Michelle Whidby and Jordan Whidby, who were represented by their real estate counsel, bargained for a release of the notice of lien lis pendens. In a written agreement, the Defendants agreed that payment to Overdrive of $45,000 to obtain a release of the notice of lien lis pendens did not constitute a compromise and release of the claims in this lawsuit.

10. Applying the $45,000 setoff to the $309,647.88 amount, it is appropriate for Overdrive to recover $264,647.88 as the net amount for its trebled damages.

11. As quoted above, § 1964(c) allows a person injured in his business or property because of a violation of § 1962 to sue therefor "in any appropriate United States district court" and provides that he "shall recover . . . the cost of the suit, including a reasonable attorney's fee. . . ." The statute

4

states that the reasonable attorney's fee that may be recovered is part of "the cost of the suit." "The suit" refers to the suit that has been filed in the "appropriate United States district court."

Plaintiff has filed two affidavits of its counsel (Docket Nos. 24-1, 32-1) with accompanying itemized statements setting forth the tasks performed by each attorney and a paralegal, the number of hours spent on that task, and the amount billed for that task (Docket Nos. 24-2, 24-3, 32-2). The first affidavit discusses fees and expenses as of June 27, 2006, while the second affidavit discusses fees incurred after June 27, 2006.[1] The first affidavit sets forth hourly rates for the attorneys of $150 per hour and $125 per hour, as well as $65 per hour for the paralegal.[2] That affidavit establishes that these rates are reasonable, and that the charges for attorney's fees and costs were necessary for the representation of Plaintiff "in this litigation." Docket No. 24-1, p. 3.

Plaintiff's Memorandum in Support of its Motion for Attorneys' Fees and Costs discusses the fact that, prior to the initiation of the instant lawsuit, Plaintiff filed an action in the Chancery Court for Williamson County. Docket No. 23-1, p. 1. The Memorandum also discusses the fact that, following the filing of the instant lawsuit, Defendant Michelle Whidby filed a Petition for Chapter 13 Bankruptcy with the United States Bankruptcy Court for the Middle District of Tennessee.

It is clear from the itemized statements submitted to this Court that Plaintiff seeks to recover attorneys' fees for services performed in connection with the Williamson County Chancery Court

---

[1] The second affidavit of Plaintiff's counsel (Docket No. 32-1) does not address additional expenses or costs.

[2] The paralegal fees are more properly characterized as "costs," rather than "attorneys' fees," but this distinction is of no import in the case at bar.

5

litigation and the bankruptcy of Margaret Whidby. As discussed above, however, such fees cannot be properly awarded under § 1964(c).

The Court cannot determine which of the fees requested relate to the instant lawsuit, and the Court is under no obligation to attempt such a task. The Court, therefore, should disallow the entire amount sought on the current record.

12. In addition, under 18 U.S.C. § 1964(c), it is appropriate to award Overdrive its "cost" in the instant lawsuit. The Motion itself refers to "expenses" in the amount of $3,429.88 (Docket No. 22, p. 1), and the first affidavit of Plaintiff's counsel lists six categories of "costs," which total $3,429.88 (Docket No. 24-1, p. 2). The first affidavit states that these costs are supported by the invoices and statements attached to that affidavit, but that such invoices/statements "do not reflect the charge for a court reporter regarding the deposition of Jordan Whidby and the charge by an expert property appraiser, which costs were paid directly by Overdrive."[3] *Id*. Attached to the first affidavit are exhibits showing the court reporter's charge of $497.95 and a bill from Norman Hall & Associates, Real Estate Appraisers & Consultants, in the amount of $750.00. Thus, it appears that Plaintiff's first affidavit seeks costs in the amount of $3,429.88 plus $497.95, plus $750.00, or a total of $4,677.83.

The amount of "expenses" sought in the Motion itself, however, is only $3,429.88, and the Court will begin with that figure. Most of these costs cannot be awarded.

---

[3] Each of the itemized statements attached to Plaintiff's first affidavit shows an amount billed for "services," and an amount billed for "expenses." The amounts billed for expenses in these itemized statements total $1,803.65. It is unclear whether these "expenses" have been included in the "cost" of $3,429.88 described in the first affidavit of Plaintiff's counsel.

6

First, Plaintiff seeks to recover $750.00 for an "Expert property appraiser." The Sixth Circuit has very recently reaffirmed the proposition that "expert witness fees are not recoverable as costs absent explicit statutory authority." *L & W Supply Corp. v. Acuity,* Case No. 05–6845, United States Court of Appeals for the Sixth Circuit, filed January 23, 2007. Plaintiff has cited no explicit statutory authority for the recovery of expert witness fees, and, therefore, such fees are not recoverable.

Second, Plaintiff seeks costs of $332.50, representing "Fees of the Clerks (for filing in both state and federal courts)." Docket No. 24-1, p. 2. As discussed above, however, Section 1964(c) allows Plaintiff to recover only costs of the instant action. The docket sheet establishes that the filing fee for the instant action in this Court was $250.00. While Plaintiff may recover this $250.00, Plaintiff is not entitled to recover the $82.50 that apparently was the filing fee paid to the state court clerk.

Third, Plaintiff seeks "Fees for service of the summonses and subpoenas (for process in both state and federal courts)" in the amount of $1,327.43. *Id*. Once again, Plaintiff is not entitled to recover fees for the service of summonses and subpoenas in the state court action. Because the Court cannot determine what amount of this $1,327.43 represents fees incurred in the state court, the Court should disallow the entire amount sought on the current record.

Plaintiff also seeks a total of $1,002.95 for Court Reporter charges and charges for copies of bank records, court papers, etc. Docket No. 24-1, p. 2. To the extent that these fees relate to the instant lawsuit, they are properly recoverable under § 1964(c). To the extent that such fees were incurred in the state court action or the bankruptcy proceeding, they are not properly recoverable

7

under § 1964(c). It seems likely that these amounts include fees incurred in the state court action and the bankruptcy proceeding, since Plaintiff has not made such a distinction in other fee requests.

Therefore, the Court should disallow the costs requested on the current record, with the exception of $250.00, the filing fee for the instant action in this Court.

**Prejudgment Interest**

13. The RICO statute does not contain any provision concerning the award of prejudgment interest. However, the district court has discretion to award prejudgment interest in cases arising under federal law in the absence of a statutory directive. *Abou-Khadra v. Mahshie*, 4 F.3d 1071, 1084 (2d Cir. 1993) *citing Int'l Ass'n of Machinists v. United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975), *cert. denied*, 429 U.S. 825 (1976)). The award of prejudgment interest is appropriate in this matter.

14. In this matter, it is appropriate to calculate prejudgment interest for each respective amount misappropriated from the date of transfer of the respective amount. Regarding transfers upon which amounts the Defendants receive credit for the $45,000.00 setoff, it is appropriate to calculate interest from the date of transfer through July 12, 2006, the date of payment of the $45,000.00. Regarding transfers for which amounts the Defendants do not receive credit for the $45,000.00 setoff, it is appropriate to calculate interest from the date of transfer through September 22, 2006, the date of the evidentiary hearing to determine Plaintiff's damages. The prejudgment interest rates and calculations, including compounding, are determined by 28 U.S.C. § 1961.

15. Under 28 U.S.C. § 1961, it is appropriate to award Plaintiff prejudgment interest in the total amount of $9,578.94. The calculation for this amount of prejudgment interest is properly supported by affidavit of Plaintiff's counsel.

8

**Joint and Several Liability**

16. Joint and several liability is appropriate for judgments resulting from violation of the RICO statute. *Fleischhauer v. Feltner,* 879 F.2d 1290, 1301 (6th Cir. 1989). In this matter, it is appropriate to award Plaintiff a judgment which is joint and several as to both Defendants, Michelle Whidby and Jordan Whidby.

**Other Requested Relief**

17. The Court notes that the instant Motion is headed "Plaintiff's Motion for Attorney Fees and Costs." In the "Memorandum of Law in Support of Plaintiff's Motion for Attorney Fees and Costs" (Docket No. 23-1), however, Plaintiff also requests that the undersigned (and/or Judge Trauger) "take into account" two additional items of relief that had been requested in Plaintiff's Motion for Default Judgment (Docket No. 13): (1) a declaration that the judgment is not dischargeable under the Bankruptcy Code, specifically with reference to 11 U.S.C. § 523(a) and 11 U.S.C. § 1328(c)(3); and (2) an Order declaring that Plaintiff has an equitable lien in the amount of $36,000 on certain of Defendants' residential real estate located in Franklin, Williamson County, Tennessee.

It appears to the undersigned that Judge Trauger granted these two items of relief when she granted Plaintiff's Motion for Default Judgment. It further appears that these matters have not been referred to the undersigned, because they involve neither the computation of damages or attorney fees and costs.

Nevertheless, the undersigned notes that the equitable lien issue has apparently been resolved as discussed in paragraph 9 above. Additionally, for the sake of completeness, it would be appropriate for the final judgment in this action to declare that the judgment is not dischargeable

9

under the Bankruptcy Code, specifically with reference to 11 U.S.C. § 523(a) and 11 U.S.C. § 1328(c)(3), and declare that the judgment debt arose from fraud while acting in a fiduciary capacity, defalcation while acting in a fiduciary capacity, embezzlement, larceny, false pretenses, and false representations.

Under 11 U.S.C. § 523(a), a debtor in bankruptcy cannot discharge debt which resulted from fraud while acting in a fiduciary capacity, defalcation while acting in a fiduciary capacity, embezzlement, larceny, false pretenses, or a false representation.  During the pendency of this action, Michelle Whidby filed February 23, 2006, a petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee.  By order entered on April 4, 2006 (copy filed in this action at Docket Entry No. 11), the Bankruptcy Court granted relief from stay and stated that the Bankruptcy Court will defer to the ruling of this Court with regard to the dischargeability of Plaintiff's claim against Michelle Whidby.  By order entered on May 25, 2006 (copy filed in this action at Docket Entry No. 20), the Bankruptcy Court dismissed Michelle Whidby's case for failure to make payments upon the proposed Chapter 13 Plan.  Despite dismissal of the bankruptcy case, it is appropriate in this matter to find and declare that the judgment should be nondischargable in bankruptcy for reason that the judgment debt arose from fraud while acting in a fiduciary capacity, defalcation while acting in a fiduciary capacity, embezzlement, larceny, false pretenses, and false representations.

**Recommendations**

18.  For the foregoing reasons, the undersigned recommends that Plaintiff's "Motion for Attorney Fees and Costs" (Docket No. 22) be GRANTED IN PART and DENIED IN PART.  The

10

Motion should be granted to the extent that it seeks to recover $250.00 for costs, representing the filing fee paid to the Clerk in the instant case, and denied in all other respects.

The undersigned further recommends that Plaintiff be granted leave to file an appropriate Motion and affidavit concerning attorneys' fees and costs that were incurred in the instant action and that are properly recoverable under § 1964(c).

The undersigned also recommends that the final judgment in this action award the following monetary relief to Plaintiff against Defendants, jointly and severally:

    a.     $264,647.88 as the net amount for Plaintiff's trebled damages based upon Defendants' violation of 18 U.S.C. §§ 1962(c) and 1962(d);

    b.     $250.00 for costs; and

    c.     $9,578.94 for prejudgment interest.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                      E. Clifton Knowles
                                                      United States Magistrate Judge