IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OVERDRIVE TRANSPORTATION, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 3:06-0096 ) JUDGE TRAUGER/KNOWLES ) |
| MARGARET "MICHELLE" WHIDBY and JORDAN D. WHIDBY, IV, | ) ) ) ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

The undersigned previously submitted a Report and Recommendation (Docket No. 34) regarding Plaintiff's "Motion for Attorney Fees and Costs" (Docket No. 22). The undersigned recommended that the Motion be denied (with the exception of granting $250 for costs), because the Motion and supporting Affidavits sought to recover attorneys' fees for services performed in connection with other cases, which the undersigned concluded could not be properly awarded under 18 U.S.C. § 1964(c). The undersigned further recommended that Plaintiff be granted leave to file an appropriate Motion and Affidavit concerning attorneys' fees and costs that were incurred in the instant action and that are properly recoverable under § 1964(c).

Plaintiff has now filed a "Supplemental Motion for Award of Attorney Fees" (Docket No. 37), which Judge Trauger has referred to the undersigned (Docket No. 39). That Motion is supported by the Affidavit of Plaintiff's counsel, and detailed descriptions of the hours worked and fees billed by Plaintiff's counsel. The Motion and Affidavit seek $13,093.50, as the total charges

for all attorney/paralegal services performed between October 18, 2005, and November 9, 2006, which relate strictly to the present RICO action. The Affidavit establishes that the lawyers' time was billed at $150 per hour and $125 per hour, and that paralegal time was billed at $65 per hour. The Affidavit further establishes that these amounts are reasonable compared with rates customarily charged by attorneys in the Nashville area for this type of legal work.

The undersigned has reviewed the relevant entries set forth in the detailed descriptions of the hours worked and fees billed by Plaintiff's counsel submitted with the Affidavit, and none of the entries appears to be unreasonable on its face. *See, e.g., Wooldridge v. Marlene Industries Corp.,* 898 F.2d 1169, 1176 (6th Cir. 1990).

While not "unreasonable," two of the entries in the detailed descriptions appear to be for work not performed in the instant case. First, there is an entry dated 3/3/06 for .4 hours ($60) for "Telephone calls with defense counsel re his withdrawal." The Court does not believe that entry was related to the case at bar, because Defendants have never had counsel in this case. Second, there is an entry dated 4/28/06 for .2 hours ($30) described as, "Read and review HomEq's proof of claim and notice of appearance of counsel, filed in bankruptcy court." This matter apparently relates to the bankruptcy proceeding of Defendant Whidby, not the instant case.

Therefore, the undersigned recommends that the final judgment in this action grant Plaintiff an award of attorneys' fees in the amount of $13,003.50.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said

objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge

3